# IN THE COURT OF APPEALS OF IOWA

No. 19-1787
Filed November 30, 2020

IN RE THE MARRIAGE OF ROBERT DEAN WOOD, JR.
AND SARAH BETH WOOD

Upon the Petition of
ROBERT DEAN WOOD, JR.,
          Petitioner-Appellant,

And Concerning
SARAH BETH WOOD,
          Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Michael K. Jacobsen, Judge.

Robert Wood Jr. appeals the physical care provisions of his dissolution decree. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Lora L. McCollom of McCollom Law Firm, PLLC, West Des Moines, for appellee.

Considered by Bower, C.J., May, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MAHAN, Senior Judge.**

Robert Wood Jr. appeals from the decree dissolving his marriage to Sarah Wood, challenging the district court's decision to place physical care of their children with Sarah. Robert requests physical care of the children or, in the event we affirm the court's physical care decision, additional parenting time. He also challenges the court's attorney fee award to Sarah. We find the district court's factual determinations are supported by the record and affirm the physical care decision and attorney fee award. We deny the parties' requests for appellate attorney fees.

Robert and Sarah married in 2009 and are the parents of two children, born in 2013 and 2016. Robert filed a petition for dissolution of marriage in November 2018. Trial took place in August 2019, and the district court entered an amended decree of dissolution the following month, ordering physical care of the children with Sarah and visitation to Robert every Wednesday evening and every other weekend, Friday to Monday. In reaching its decision, the court stated in part:

> Robert requests shared physical care of the children. Sarah requests primary physical care of the children with parenting time to Robert on every other Friday at 6:00 pm to Monday at 8:00 am or school start time.
> Prior to the issues arising that lead to the filing of the dissolution, and since the children's births, Sarah has been the primary caretaker for them, in that she was the parent to schedule and attend doctor's appointments, ensure they were picked up from daycare on time and handle the majority of the day to day parenting tasks. Up until approximately six months prior to the parties' separation, Robert was a "hands' on" parent, sharing, albeit not equally, in the parenting responsibilities with Sarah. At this time, the parties' oldest child was four and the youngest, one. For the last year, Sarah has been more engaged with the children than Robert. Sarah has been solely responsible since prior to separation, for ensuring the children were dropped off and picked up from daycare on time. The children have resided more frequently with Sarah.

They continue to attend daycare and school in the Dallas Center School District. The parties have had continuous issues with communication since the separation. Often times Robert will not even respond to an inquiry or concern from Sarah. Sarah has attempted to cooperate and work with Robert in adjustments to the schedule and communication regarding the kids to no avail. Robert moved to Ankeny, Iowa from Dallas Center. . . . Although his young children remain in Dallas Center he made the choice to move over thirty minutes away from them, likely to be closer to his new significant other.

. . . .

Sarah's desire for primary care puts the children's best interest at the forefront. She is concerned about the commute to and from Ankeny from Dallas Center, given that Robert has failed under the temporary order to get them where they need to be on time from Ankeny and causing these young children to wake much earlier than necessary to get to daycare or school in Dallas Center. Sarah has attempted to communicate and resolve issues with Robert regarding parenting and shared expenses, but has not been successful in doing so. A shared care arrangement would require the parties to communicate more frequently than they currently do causing even more friction between them and resulting in the children likely suffering in the middle. A shared care arrangement would also require these young children to be subject to a much longer than necessary commute to and from school and activities.

. . . .

. . . . [I]t is in the children's best interest that Sarah is granted primary physical care of the children.

We review dissolution cases de novo, giving "weight to the trial court's factual findings, especially with respect to the credibility of the witnesses." *In re Marriage of Witten*, 672 N.W.2d 768, 773 (Iowa 2003). Questions of physical care are based upon the best interest of the children, and "[t]he objective of a physical care determination is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695–96 (Iowa 2007).

The district court found the parties "have demonstrated a continuing difficulty in communicating about the needs of the children" and "[t]he tension and

conflict between [them] remains high and it is unlikely it will decrease." The court also found "Robert's move to Ankeny, away from his children, was not in keeping their best interests in mind" and resulted in "[t]he parties now liv[ing] 30 minutes apart." The district court was in the best position to see, hear, and evaluate the parties first-hand. *See Witten*, 672 N.W.2d at 773. Upon our review of the record, we are convinced the district court properly considered all factors in making physical care and visitation decisions in the best interest of the children. We affirm the court's determinations without further opinion pursuant to Iowa Court Rule 21.26(1)(a) through (e).

We further find no abuse of discretion in the court's award of trial attorney fees to Sarah. *See In re Marriage of Sullins,* 715 N.W.2d 242, 247 (Iowa 2006) (setting forth standard of review). Robert has a history of significantly higher earnings than Sarah. And although he became unemployed the week before trial, he testified he anticipated finding employment paying around the same salary.

The parties' requests for appellate attorney fees are denied. Costs on appeal shall be equally assessed between the parties.

**AFFIRMED.**